FRED P. HUNT *vs.* JOSEPH L. SANDERS.

JUNE 9, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Municipal Officers. Tenure of Office. Town Auditor. Ordinances.*

Petitioner was elected by the town council of Cranston, November 3, 1909, under Pub. Laws, cap. 402, of April 30, 1909, as town auditor; he qualified, and November 9, 1909, an ordinance was passed defining his duties. Respondent was elected city auditor, May 6, 1910, in accordance with the provisions of an ordinance of the city council, passed that day, which defined

the duties of the office, imposed new duties, conferred new powers, and repealed all ordinances inconsistent therewith, and created a tenure "during the pleasure of the city council":—

*Held*, that the original election of petitioner on November 3 was valid, although the ordinance prescribing his duties was not passed until November 9.

*Held*, further, that the city council, under the powers conferred by the charter, could modify and repeal the town ordinance defining the duties of the auditor.

*Held*, further, that the election of petitioner was not nullified by the passage of the ordinance of May 6, 1910, since the right to elect was derived from the statute and not from the ordinance.

*Held*, further, that the petitioner was elected, under Gen. Laws, 1896, cap. 39, § 19, for the normal term defined by statute, which term was extended, by section 32 of the charter, until the first Monday of January, 1911, as therein provided.

*Held*, further, that petitioner remained in office under the later ordinance of the city council.

*Held*, further, that a change in the powers and duties of the office and the compensation did not affect the tenure of office; neither was the tenure determined by the ordinance of the city council, since section 18 of the charter did not authorize a tenure of office to be created by ordinance at the pleasure of the council, but provided for a special tenure in said city for all officers thereafter elected or appointed therein.

PETITION IN EQUITY, in nature of *quo warranto*.

BLODGETT, J. This is a petition in equity in the nature of *quo warranto* against the respondent, to determine the right to the office of city auditor of the city of Cranston. The petitioner avers his election by the town council of Cranston, on November 3, 1909, under the provisions of cap. 402, Pub. Laws, passed April 30, 1909, his subsequent qualification, the passage of an ordinance by said town council on November 9, 1909, defining his duties, and avers that by the provisions of the charter of the city of Cranston, taking effect on April 16, 1910, he is continued in office until the first Monday in January, 1911, and until his successor is elected and qualified. The respondent claims that he was elected to said office of city auditor by the city council of Cranston, on May 6, 1910, in accordance with the provisions of an ordinance of said city council, passed on that day, defining the duties of the office.

We are of the opinion that the original election of the petitioner by the town council on November 3, 1909, was a valid

election, although the ordinance prescribing his duties was not passed until November 9, 1909. *Hudson* v. *Johnson,* 30 R. I. 194. The statute above referred to created the office and gave the power to elect to the town council, and provided that the duties of the office should be prescribed by ordinance. And it is not to be questioned that the city council of Cranston had power to modify and repeal this ordinance so defining the duties of such auditor under the powers expressly conferred in section 27 and section 11 of the city charter: "SEC. 27. All ordinances, rules, and regulations made by the town council of the town of Cranston, which may be in force at the time of the organization of the government of said city under this act, so far as the same may be applicable, shall be in full force in the city of Cranston, in the same way that they would have been had this act not been passed, until they shall be modified or repealed by the city council;" . . . "SEC. 11. The city council may make ordinances, rules, and by-laws for the government of the city, the management of its prudential affairs, and for the good order of its people, and provide punishment for breaches thereof, and in like manner as towns and town and city councils are now authorized to do by general law, and as· the town of Cranston is now specially authorized to do by any act or acts of the general assembly."

The respondent claims that the passage of the ordinance above referred to, on May 6, 1910, which imposed new duties and conferred new powers on such an auditor, and which contained the following clause: "SEC. 7. All ordinances and parts of ordinances inconsistent herewith are hereby repealed and this ordinance shall take effect upon its passage," nullified the election of the petitioner.

This contention can not be sustained. The right to elect was derived from the statute, and not from the ordinance. Indeed, it is sufficient, without more, to defeat the respondent's claim of title, that the ordinance which was passed on May 6, 1910, and was followed by his alleged election on the same day, was not approved by the mayor, as required by section 5 of the charter, until three days later, viz.: on May 9, 1910, and

hence was inoperative to repeal the former ordinance of November 9, 1909, at the time of the election of the respondent. Section 5 of said charter is as follows: "SEC. 5. Every resolution passed by the city council shall be presented to the mayor. If he approve of any such resolution he shall sign it, and thereupon it shall go into effect; but if he shall not approve it he shall return it to the city council within ten days after it has been presented to him."   .   .   .

The normal term for which the petitioner was elected is specified in section 19 of Chapter 39, General Laws, 1896, now section 19 of Chapter 49, General Laws, 1909, as follows: "All town officers shall hold their offices until the next annual election of town officers, and thereafter until their successors shall be lawfully qualified to act; unless where it is expressly provided to the contrary."

The effect of section 32 of the city charter, which provides that "All town officers heretofore elected and appointed by the town council of said town of Cranston for the current municipal year shall hold the corresponding offices created by this act until the first Monday in the month of January, A. D. 1911, and until their successors are elected or appointed and qualified to act," was to extend this normal term expiring in November, 1910, to the first Monday in January, 1911, as therein provided.

It follows that the legal effect of the action of the city council, upon the approval of the ordinance in question by the mayor on May 9, 1910, was to repeal the ordinance of November 9, 1909, and that the petitioner still remains in office under the later ordinance of the city council.

That the powers and duties of the office, and the compensation, have been changed does not affect the tenure of the office in this respect. Nor is this tenure determined by the provisions of section 1 of the ordinance of the city council approved May 9, 1910, which purports to create a tenure "during the pleasure of the city council." The petitioner rightly contends that section 18 of the charter does not authorize a tenure of office to be thus created by ordinance at the pleasure of the council, but provides for a special tenure in said city for all

officers thereafter elected or appointed therein, viz.: during the current municipal year for which such an officer may be elected, as follows: "SEC. 18. All officers of the city of Cranston, unless otherwise provided herein, and all officers chosen or appointed by virtue of any ordinance under the same, shall hold their respective offices during the current municipal year for which they may be elected or appointed and until their successors are chosen or appointed and qualified in their stead; and all vacancies shall be filled for the remainder of the term."

The petitioner also questions certain of the powers sought to be conferred on the city auditor by the city ordinance. These matters are not, however, before us in this proceeding, and we therefore merely repeat our observation in *Hudson* v. *Johnson, supra,* p. 197: "How far, indeed, it is competent for the town council by ordinance to confer, upon such an auditor, duties and powers which the statutes have heretofore conferred and imposed either upon the town council itself or upon other competent authority, may be safely left for determination as individual cases are presented."

Our conclusion, therefore, is that the petitioner is the duly elected and qualified auditor of said city, as above stated; that the ordinance of November 9, 1909, has been repealed by the ordinance of May 6, 1910, duly approved by the mayor on May 9, 1910; that his powers are determined thereby so far as the provisions thereof may be valid; that his compensation is fixed by the resolution passed and approved on the same days, and that the prayer of the petitioner must be granted.

*Benjamin W. Grim,* for petitioner.
*Henry A. Palmer, Edward M. Sullivan,* for respondent.